# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>            Plaintiff,<br><br>   v.<br><br>GUZMAN, et al<br><br>            Defendants. | **Case No. 1:12-cv-00360-AWI-SMS (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 9)** |

**I.      Background**

Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on March 9, 2012. (ECF No. 1.) On January 24, 2013, Plaintiff filed a motion for preliminary injunction seeking parallel relief to that sought in the Complaint. (ECF No. 9.)

Plaintiff's Complaint was recently screened and found not to state any cognizable claims. Thus, at this stage, there is no actual case or controversy before the Court at this time, and Court lacks the jurisdiction to issue the order sought by Plaintiff. Summers v. Earth Island Institute, 555 U.S. 488, 494-94, 129 S.Ct. 1142, 1149 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A).

Further, the relief which Plaintiff seeks in her motion for preliminary injunction parallels the injunctive relief which she seeks in the Complaint. "An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation; . . ." Farmer v. Brennan, 511 U.S. 825, 845-46 (1994) (citations and quotations omitted). "A plaintiff seeking a preliminary injunction must [also] establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Id., at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. Id., at 22.

It awaits to be seen whether Plaintiff is able to state a cognizable claim and survive screening. Additionally, Plaintiff's requests for a temporary restraining order cannot be adequately addressed until evidence is submitted.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed on January 24, 2013, (ECF No. 9), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 27, 2013              _____
                                          SENIOR  DISTRICT  JUDGE