# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISABEL TUBACH,

Plaintiff,

v.

GUZMAN, et al

Defendants.

**Case No. 1:12-cv-00360-AWI-SMS (PC)**

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND and DISCHARGING ORDER TO SHOW CAUSE**

**(ECF Nos. 1, 11, 12)**

**RESPONSE DUE WITHIN THIRTY (30) DAYS**

## Screening Order

## I. Background

### A. Procedural History

Plaintiff Isabel Tubach ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on March 9, 2012. (ECF No. 1.)

### B. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Summary of the Complaint

Plaintiff complains of acts that occurred at Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff names Correctional Officer M. Guzman and Ms. B. Toschi as the defendants in this action and seeks solely "a temporary restraining order to spare [her] life." (ECF No. 1.)

Plaintiff alleges[1] that C/O Guzman: has convinced her inmate roommates to murder Plaintiff; has provoked 10 heart attacks; tells her she will not go to court alive; sends his male officer sex partners to poison her "and other serious claims;" sends her roommates to put acid in her eyes and face; interferes with her communication with the courts; tells the law library staff to close the library and not to make copies of her legal documents; has contracted two inmates to murder her before she goes to court (these two inmates poison her from 5 a.m. to 11 p.m.); and sends all officers who come to work in her medical unit to "put poison" on Plaintiff. (*Id.*, at pp. 3-5.)

Plaintiff alleges that Toschi: interferes with Plaintiff's communications with the court; threw away Plaintiff's "holy water that [she] was brinking [sic] to help me to have a heart attack;" refuses to make copies of Plaintiff's legal documents; shares responsibilities with Guzman; and refused to act on March 1, 2012 when Plaintiff told Toschi that an inmate had put poison in her

---

[1] It should be noted that Plaintiff's complaint is extremely difficult to read. The handwriting is difficult to read, and much of the complaint is nonsensical and indecipherable. The summation presented is the Court's best distillation of Plaintiff's ramblings. If it is not as Plaintiff intended, she has no one but herself to blame.

nose and caused her chest pain and showed Toschi the "nitros." (*Id.*, at pp. 5-7.)

Plaintiff also alleges that she has informed prison authorities of the above, but they take no action. (*Id.*, at p. 7.)

Plaintiff has not stated any cognizable claims, but may be able to amend to correct the deficiencies in her pleading. Thus, she is being given what appear to be the applicable standards[2] and leave to file a first amended complaint.

## III. <u>Pleading Requirements</u>

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

---

[2] It should be noted that Plaintiff does not identify any specific constitutional rights that she feels were violated. Thus, the standards given are based on the Court's best distillation efforts of Plaintiff's allegations.

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusion are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If she chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. She should state which of her constitutional rights she feels were violated by each Defendant and its factual basis and the date(s), or general time frames, that the acts complained of occurred.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link

between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff's allegation that she informed prison officials who took no action does not link any specific "prison official" to her factual allegations. (ECF No. 1, Compl., p. 7.) Further, Plaintiff's allegation that all the officers except C/O Baron rape her "every day" are not sufficiently linked to individual officers since she does not name the officers that she alleges are raping her. Plaintiff must clarify which Defendant(s) she feels are responsible for each violation of her constitutional rights and their factual basis as her Complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

**C. Federal Rule of Civil Procedure 18(a)**

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim,

multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).

The fact that claims are premised on the same type of constitutional violation(s) (i.e. retaliation) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event, or are linked by a common Defendant. Plaintiff is advised that if she chooses to file a first amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be stricken.

## IV. <u>Plaintiff's Claims for Relief</u>

### A. Eighth Amendment – Cruel & Unusual Punishment

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." *Farmer*, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" *Farmer*, 511 U.S. at 843 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Farmer*, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Id.* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). Punishments "incompatible with the evolving standards of decency that mark the progress of a maturing society" or "involv[ing] the unnecessary and wanton infliction of pain" are "repugnant to the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976) (internal quotation marks omitted).

Certainly, Plaintiff's allegations against Defendant Guzman, at first glance, seem serious and repugnant to the Eighth Amendment. However, upon close inspection, Plaintiff's allegations are not plausible as they do nothing more than present a "sheer possibility" that Defendant Guzman has acted unlawfully by orchestrating a series of actions by others to harass and taunt Plaintiff and are merely consistent with his possible liability. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Similarly, Plaintiff's allegations that Defendant Toschi refused to act when Plaintiff showed her "the Nitros" and told her that an inmate had put poison in Plaintiff's nose seem egregious. However, Plaintiff's allegations do not show that Defendant Toschi knew of and disregarded an excessive risk to Plaintiff which she failed to abate by not doing something when Plaintiff, after the fact, claimed to have been poisoned and showed her "the Nitros."

**B. Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim

protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). “Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.” *Id.* at 355 (emphasis in original).

Plaintiff does not state a cognizable access to the courts claim based on Defendant Toschi interfering with Plaintiff's communications with the court, refusing to make copies which allows Plaintiff to only send some exhibits, and on her sharing responsibilities with Defendant Guzman as she has not shown loss of an underlying protected claim. Likewise, Plaintiff's allegation that Defendant Guzman tells the law library staff to close the library and not make copies of her legal documents is not cognizable for the same reason.

**C. Supervisory Liability**

It appears that Plaintiff may intend to pursue the "prison officials" whom she informed of various events, but took no action. (ECF No. 1, p. 7.)

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.* Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Thus, a supervisor is only liable for constitutional violations by subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Thus, Plaintiff’s allegation that she informed prison officials who took no action does not amount to a cognizable claim.

**D. Statute of Limitations & Order to Show Cause**

A district court is permitted to suasponte consider the issue of statute of limitations where

a defendant has not waived the defense and plaintiff has been given a chance to address the issue. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686–87 (9th Cir.1993) (finding sua sponte dismissal of the complaint by the district court for lack of venue before the defendant had filed a responsive pleading was proper and analogous to sua sponte considering statute of limitations prior to responsive pleading).

Plaintiff has not stated dates for any of her allegations against Defendant Guzman and has only state one date of incident for her uncognizable allegation that Defendant Toschi failed to act when Plaintiff told her another inmate had poisoned her and showed her "the Nitros." Given this and the above discussed short-comings of her factual allegations, on April 23, 2013 an order requiring Plaintiff to submit more definite statement of facts issued requiring Plaintiff to submit a statement briefly describing the alleged personal involvement of each named defendant and the date of each occurrence.[3] (ECF No. 10.) That same order indicated that Plaintiff's failure to comply as directed may result in the dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure without further notice. (*Id.*) More than thirty days passed and Plaintiff neither provided a more definite statement of facts; nor requested an extension of time to comply, or otherwise responded to the Court's order. Thus, an order to show cause why this action should not be dismissed for Plaintiff's failure to obey a court order ("OSC") issued on June 10, 2013 to which Plaintiff responded on June 26, 2013. (ECF Nos. 11, 12.)

Plaintiff's response to the OSC did not provide any greater detail regarding her factual allegations in this action; rather she persists with rambling, general, conclusory allegations of abuse and harassment by various prison staff. (ECF No. 12.) The closest Plaintiff gets to stating a date of incident/injury is a couple of contradictory statements: (1) that she is unable to give dates "because these events happen every day since 1[sic] year ago when [she] was moved to the infirmary" (*id.* at p. 3); and (2) that "Defendant M. Guzman has been connitting [sic] these tortures-abuses-harassment for 11 [sic] years, . . ." (*id.*, at p. 4). In her response, Plaintiff

[3] It was stated that, if Plaintiff was unable to recollect the specific date of an incident an approximate date would suffice.

indicates that it is very difficult for her to respond to orders from the court as she is now pregnant[4] "as a consequence of this sex-slavery." (*Id.*, at p. 3.) This Court is unaware of any explanation, and Plaintiff provides none, to show that pregnancy would render one unable to respond to orders from this Court.

In Plaintiff's response, she also stated that now she is housed in the infirmary and that Defendant Toschi is not working there. (*Id.*, at p. 2.) This makes it unclear whether Plaintiff desires to continue to pursue her claims against Defendant Toschi, or if she wishes to dismiss Defendant Toschi from this action.

Though Plaintiff's response to the order to show cause has not clarified any of the ambiguities of her initial pleading, the order to show cause is deemed discharged and screening has been attempted, in an effort to give Plaintiff every leniency due to a pro se inmate litigant. By granting leave to file a first amended complaint, Plaintiff is given a final opportunity to adequately state her allegations and address possible statute of limitations issues regarding the dates, or thereabouts, that offensive acts occurred.

## V. Conclusion

For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

---

[4] Nothing in this order should be construed as a finding that Plaintiff is actually pregnant. In fact, it appears that this is not a true statement since Plaintiff is approximately 74 years old. *See Tubach v. Guzman*, 1:10-cv-00913-AWI-SMS (PC), ECF No. 1, p. 28 (showing Plaintiff's date of birth is March 26, 1939).

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: September 27, 2013

SENIOR DISTRICT JUDGE