# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. GUZMAN, Correctional Officer, and B. TOSCHI,<br><br>　　　　　Defendants. | **Case No. 1:12-cv-00360-AWI-SMS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM**<br><br>**(Doc. 14)** |

　　　　Plaintiff Isabel Tubach ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on March 9, 2012.

　　　　Plaintiff alleged that she was being physically and sexually abused and harassed in violation of the Eighth Amendment. Plaintiff failed to state the dates of the occurrences of which she complained and merely stated legal conclusions rather than detailed factual allegations.

　　　　On September 30, 2013, the Court dismissed Plaintiff's complaint with leave to amend within thirty (30) days. The order warned Plaintiff provided that failure to comply with its terms

///

1

would result in dismissal for failure to obey a court order and failure to state a claim. Plaintiff never amended the complaint or otherwise responded to the September 30, 2013 order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006), *quoting Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). These factors guide a court in deciding how to proceed when a plaintiff fails to actively prosecute his or her case.

This action cannot proceed without Plaintiff's cooperation and compliance with the order at issue. Based on Plaintiff's failure to comply with or otherwise respond to the September 30, 2013 order, the undersigned recommends that the Court DISMISS the action for failure to prosecute and failure to state a claim.

These findings and recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review

///

///

the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **May 7, 2014**                              **/s/ Sandra M. Snyder**
                                                                             UNITED STATES MAGISTRATE JUDGE